IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

LILLIAN W. JAMES

VS.                                         CIVIL ACTION NO. 2:10cv219-KS-MTP

MARION COUNTY SCHOOL SYSTEM

ORDER

This cause is before the Court on Motion to Dismiss [6] filed by Marion County School District ("Marion County"). The basis of the Motion to Dismiss is Fed. R. Civ. P. 12(b)(6) and/or 12(c). Marion County filed a memorandum in support of the motion [7] and the Plaintiff, Lillian W. James ("James"), responded to the Motion to Dismiss and Memorandum by Document #10. In the Response, Plaintiff conceded the motion on the due process and breach of contract claims. Marion County filed a Reply [12] to Response of Plaintiff and the Court after considering the above, finds that the Motion to Dismiss should be *granted* and that the Motion for Judgment on the Pleadings should be *denied*. The Court specifically finds as follows:

INITIAL CLAIMS

The Plaintiff asserts the following claims against Marion County:

1. Race based discrimination under Title VII of the Civil Rights Act ("Title VII");

2. Breach of contract;

1

    3.    Due process violations under the Fourteenth Amendment pursuant to 42 U.S.C. § 1983 (" § 1983"); and

    4.    Race based discrimination under 42 U.S.C. § 1981 ("§ 1981") and pursuant to § 1983.

As stated above, the Plaintiff has conceded the motion as to Claim No. 2, Breach of Contract and Claim No. 3, Due Process Violations under the Fourteenth Amendment pursuant to § 1983. However, the Plaintiff responds and opposes the motion as to the claim for race based discrimination under § 1981 and pursuant to § 1983. The motion does not challenge the race based discrimination under Title VII of the Civil Rights Act.

## FACTUAL BACKGROUND

Plaintiff was initially hired by Marion County for the 2007-2008 school year and was assigned to a position of special education teacher. She assured Marion County that she would obtain her special education certification by the end of the 2007-2008 school year. Plaintiff did not obtain her certification, but was retained as a teacher for the 2008-2009 school year and assigned to other classes, as well as coached junior high and high school basketball. Plaintiff was not offered a new contract for the 2009-2010 school year.

## STANDARD OF REVIEW

The Defendant has moved the Court to dismiss this matter under Rule 12(b)(6) for failure of Plaintiff to state a claim upon which relief can be granted. In ruling on a 12(b)(6) motion the Court may not go outside the pleadings, specifically

the complaint in this case. "The 12(b)(6) motion...only tests whether the claim has been adequately stated in the complaint." 5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1356 at 298 (1990).

As the Fifth Circuit has stated, "[w]e may not go outside the pleadings. We accept all well-pleaded facts as true and view them in the light most favorable to the Plaintiff. We cannot uphold the dismissal 'unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Colle v. Brazos County, Texas*, 981 F.2d 237, 243 (5th Cir. 1993)(internal footnotes and citations omitted). *See also, Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994).

While a complaint need not contain detailed factual allegations to survive a 12(b)(6) motion, the United States Supreme Court has held that a plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. V. Twombly,* \_\_\_\_\_ U.S. \_\_\_\_, \_\_\_\_\_, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929, 940 (2007)(other citations omitted.) Of course, if any matters outside th complaint are considered, the motion is converted to one for summary judgment. *See Murphy v. Inexco Oil Co.,* 611 F.2d 570, 573 (5th Cir. 1980).

<u>ANALYSIS</u>

The motion remains pending as to the second claim of Plaintiff, a cause of action pursuant to § 1983 claiming race discrimination

3

*Respondeat superior* does not apply in § 1983 actions against municipalities and other political subdivisions, including school boards. *See Beattie v. Madison County School District,* 254 F.3d 595, 600 N.2 (5th Cir. 2001). In *Beattie* plaintiff brought suit against the school district claiming that the superintendent had violated her First Amendment free speech rights. "To prevail on her First Amendment retaliation claim, *Beattie* must show either that the school board acted in retaliation or that the improper motives of another actor can be imputed to it." (*Id.* at Page 600). In the case at Bar, in order for the school district to be held liable under § 1981 race discrimination claims, the plaintiff must demonstrate injury from an official policy or custom, and not just injury from torturous conduct. In the Fifth Circuit, to qualify as a custom or policy the practice must have occurred for a long period of time and be attributed to the governing body. It also must be an expected or accepted practice. In her response James cites the case of *Pembaur v. City of Cincinnati,* 475 U.S. 669 (1986), but this case is distinguishable from James' complaint before the Court. In *Pembaur* the wrongful conduct was directed by the County Prosecutor who was an official with policy making authority. James must show that the complained of conduct was a result of the actions or inactions of the school board or its policies. Nowhere in the pleadings does the Plaintiff relate the complained of injury to the school board, nor does she cite any custom or policy that the school board violates. The Mississippi Court of Appeals states:

> A plaintiff must allege that the custom or policy served as
> the moving force behind the constitutional violation, or
> that her injury resulted from...the official policy or

4

>custom.  The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts. *Brown v. City of Hazlehurst*, 741 So.2d 975, 981 (Miss. Ct. App. 1999).

The complaint is absent the non-conclusory fact statement and Plaintiff's claim under § 1981 through § 1983 must be dismissed for failure to state a claim upon which relief may be granted.

NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED that the Motion to Dismiss [6] be and the same is hereby *sustained* as to three causes of action challenged.  This dismissal is with prejudice.

There remains one additional cause of action pending, which is the race based discrimination claim under Title VII of the Civil Rights Act.

SO ORDERED AND ADJUDGED this, the 16th day of December, 2010.

>*s/Keith Starrett*
>UNITED STATES DISTRICT JUDGE